UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 5:08-CR-112-KKC |
| | ) | No. 5:10-CV-7129-KKC-REW |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| ADRIAN RAMIREZ-HERNANDEZ, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

*** *** *** ***

On July 20, 2010,[1] Defendant, Adrian Ramirez-Hernandez, filed a *pro se*[2] motion under 28 U.S.C. § 2255. DE # 128 (Motion). The United States moved for a finding of waiver of the attorney client privilege, DE #133 (Motion) and, despite being afforded an opportunity to do so, Ramirez-Hernandez did not respond. The United States then responded in opposition to Defendant's Motion, DE #141 (Response), and the Court subsequently granted in part the United States's motion regarding waiver of privilege, finding that Ramirez-Hernandez waived the attorney client privilege only as to communications necessary to litigate the claim of ineffective assistance of counsel.[3] DE #37 (Order). Defendant timely replied. DE #146 (Reply). The Motion stands ripe and ready for review.

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam). Here, Ramirez-Hernandez affirmed under penalty of perjury that he executed and mailed the Motion on July 20, 2010. DE #128 (Motion) at 13.

[2] *Pro se* petitions receive a comparatively lenient construction by the Court. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation" toward encompassing an allegation stating "federal relief").

[3] The United States filed its substantive response prior to the Court's ruling on waiver. Despite the Court's ruling, the United States elected not to supplement its response. DE #145 (Notice).

The District assigned the matter to the undersigned for a recommended disposition. For the reasons discussed below, the Court **RECOMMENDS** that the District Court fully **DENY** Ramirez-Hernandez's requested § 2255 relief and grant no Certificate of Appealability.

## I. Background Information

On May 2, 2008, a federal grand jury indicted[4] Defendant[5] for conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, for possession with intent to distribute cocaine by aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), for possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5)(A), and for possession of a forged, counterfeited, and falsely made Permanent Resident card and Social Security card, in violation of 18 U.S.C. § 1546(a). DE #1 (Indictment). Defendant appeared at his initial appearance with retained counsel, David Mejia, and pled not guilty to all counts. DE #7 (Minute Entry).

Defendant, by counsel, moved to suppress statements made to law enforcement as taken in violation of various constitutional rights, DE #23 (Motion), and the United States responded in opposition. DE #25 (Response). United States Magistrate Judge James B. Todd conducted an evidentiary hearing on August 19, 2008, ultimately recommending that the District Judge deny Defendant's motion to suppress. DE #40 (Proposed Findings of Fact and Recommendations). District Judge Karen K. Caldwell adopted the Magistrate Judge's recommendation over Defendant's objection. DE #44 (Order).

---

[4] The Indictment also named Juan Luis Diaz-Perez and Cesar Gonzalez-Rangel on various counts.

[5] The Indictment charged Adrian Hernandez-Ramirez a.k.a. Javier Hernandez-Ramirez. At the end of the Defendant's rearraignment, the United States orally moved to amend the Indictment and all subsequent pleadings to reflect the reordered name Adrian Ramirez-Hernandez. The Court granted the motion without objection. DE #137 (Rearraignment Trans.) at 18.

On April 16, 2009, the Court rearraigned Defendant,[6] and he, per a written agreement, pled guilty to Counts 1 and 6 of the Indictment, as well as the two forfeiture counts.[7] The Court sentenced Defendant on August 26, 2009, to 72 months imprisonment on both counts 1 and 6, to be served concurrently, as well as 5 years supervised release. DE #110 (Judgment). The Court also recommended that Defendant participate in the Residential Drug Abuse Treatment Program. *Id.*

Defendant filed the instant Motion on July 20, 2010. The United States responded in opposition, and Defendant subsequently replied. The matter stands ripe and ready for review.

## II. Standard of Review

Under 28 U.S.C. § 2255, a federal prisoner may obtain post-conviction relief if a sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255(a); *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) ("In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001))).   A defendant alleging a constitutional violation must establish "an error of constitutional magnitude" and show that the error had a "substantial and

---

[6] Defendant appeared at sentencing with different retained counsel, Benjamin P. Hicks. DE #102 (Notice of Appearance); #109 (Minute Entry).

[7]  At his rearraignment, Defendant pled guilty to Counts 1, 6, 11, and 12. DE #137 (Rearraignment Trans.) at 16. Count 11 of the Indictment, a substantive count, charged co-defendant Cesar Gonzalez-Rangel with a violation of 18 U.S.C. § 1546(a). DE #1 (Indictment). The Court's review of the record, including the Rearraignment Transcript, indicates that Defendant intended to plead guilty to substantive counts 1 and 6 and both forfeiture counts, listed in the Indictment as counts 12 and 13. As the Court sentenced Defendant only to Counts 1 and 6, Defendant does not appear to have been prejudiced from this simple clerical error. As neither party has raised the issue, the Court does not discuss it further.

injurious effect or influence on the proceedings" in order to obtain § 2255 relief. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). When alleging a non-constitutional error, a defendant must prove the error constituted a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 82 S. Ct. 468, 471  (1962)); *see also Watson*, 165 F.3d at 488.  In making a section 2255 motion, Movant bears the burden of proving his or her contentions by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

## III. Analysis

In his § 2255 Motion, Ramirez-Hernandez generally premises relief requests on allegations of ineffective assistance of trial counsel and various constitutional errors.  DE #128 (Motion). Defendant's valid waiver precludes his Motion. Alternatively, based on the record, Ramirez-Hernandez has failed to prove, by a preponderance of the evidence, that counsel provided ineffective assistance. Furthermore, Movant procedurally defaulted his constitutional claims. Thus, Ramirez-Hernandez is not entitled to relief under 28 U.S.C. § 2255.

A. Waiver of Appeal and Collateral Attack Right

The United States argues that the claims raised in Ramirez-Hernandez's § 2255 Motion are not reviewable because he knowingly and voluntarily entered into a plea agreement waiving his right to appeal and collaterally attack his guilty plea, conviction, and sentence. DE #141 (Response) at 2-5. Defendant's plea agreement states, "The Defendant waives the right to appeal

and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution." DE #88 (Plea Agreement) at 4, ¶ 8.

In the Sixth Circuit, an "informed and voluntary" collateral-attack waiver is enforceable. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. Cir. 1999); *see also United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (explaining that a defendant in a criminal case may waive any right via a plea agreement, including constitutional rights). The record in this case supports waiver enforcement.

Here, Ramirez-Hernandez acknowledged by executing the plea agreement that he had reviewed the full document with counsel and understood its terms. DE #88 (Plea Agreement) at 6, ¶ 14. At rearraignment, Movant confirmed to the District Judge, under oath, that he had read (or had someone read to him) an interpreted version of the content of the plea agreement. DE #38 (Rearraignment Trans.) at 6. Defendant further affirmed that he entered into the plea voluntarily, and that he was willing to enter into a plea agreement because he was guilty. *Id.* at 7. Additionally, the District Judge personally addressed Movant and specifically discussed the appeal and collateral-attack waiver. *Id.* at 15. Ramirez-Hernandez affirmatively responded that he understood the provision. *Id.*

The record shows that Ramirez-Hernandez's responses were voluntary and verified, and Judge Caldwell determined at the hearing that Ramirez-Hernandez was competent. *Id.* at 3-5, 16. Solemn declarations in open court "carry a strong presumption of verity" and "constitute a formidable barrier" in subsequent collateral proceedings. *Blackledge v. Allison*, 97 S. Ct. 1621, 1629 (1977). Considering the representations that Defendant made in the plea agreement and during rearraignment, and the significance of his sworn statements, the Court can only conclude

that Ramirez-Hernandez made an "informed and voluntary" waiver. *In re Acosta*, 480 F.3d at 422.

In sum, the Court finds the waiver effective. However, in the interest of justice,[8] the Court alternatively considers the substance of all of Ramirez-Hernandez's arguments.

B. Ineffective Assistance of Counsel

When asserting an ineffective assistance claim, a movant must prove both deficient performance and prejudice. *Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (noting that a movant must prove ineffective assistance by a preponderance of the evidence). In order to prove deficient performance, a movant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 104 S. Ct. at 2064. A movant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id.* at 2064-65. Judicial scrutiny of counsel's performance, however, is "highly deferential," consisting of a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 2065.

Deficient performance is considered constitutionally prejudicial only when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 2064. In order to prove prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

---

[8] *Acosta*, of course, places logical limits on enforcement. If a waiver or guilty plea results from ineffective assistance or is unknowing/involuntary, *Acosta* would not enforce. *In re Acosta*, 480 F.3d at 422 n.1. Ramirez-Hernandez in no way impugns the waiver itself, and the ineffective assistance arguments Movant raises do not preclude enforcement. Defendant does not contend that he failed to understand the waiver, and he does not criticize counsel for negotiating the waiver.

been different." *Id.* at 2068. When evaluating prejudice, courts generally must take into consideration the "totality of the evidence before the judge or jury." *Id.* at 2069. In the context of a guilty plea, a movant must show that a "reasonable probability exists that, but for counsel's errors, defendant would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*. 106 S. Ct. 366, 370 (1985).

In his Motion, Ramirez-Hernandez alleges that trial counsel was ineffective by (1) failing to negotiate a conditional plea agreement; (2) failing to file an interlocutory appeal following the District Judge's denial of Defendant's motion to suppress; (3) failing to properly advise Defendant about his eligibility for a prison drug abuse program; (4) failing to advise Defendant about the effects of the Presentence Investigation Report's (PIR) content; and (5) failing to provide Defendant with a translated copy of the PIR. The Court addresses each argument in turn.[9] DE #128 (Motion).

### 1. Failure to Negotiate a Conditional Plea Agreement

Ramirez-Hernandez first alleges that counsel ineffectively assisted him by failing to negotiate a conditional plea agreement. *Id.* at 4. In response, the United States asserts that failure to negotiate a conditional plea cannot be ineffective because Defendant did not have the right to a conditional plea. DE #141 (Response) at 6 (citing *United States v. Hull*, 153 F. App'x 967, 970 (6th Cir. 2005)). Further, the United States maintains that it "would not accept a conditional guilty plea," *id.*, which rendered any ability to obtain a conditional plea agreement beyond counsel's control. *See United States v. Webb*, No. 96-1363, 1997 WL 417356, at *1 (10th Cir.

---

[9] To the extent Defendant attempted to raise additional arguments (*e.g.*, as to departure theories from sentencing) for the first time in his Reply, the Court rejects and does not consider such arguments.   The § 2255 motion is to contain "all the grounds for relief available," and raising a contention only in reply is improper.   *See* Rules Governing Section 2255 Cases in the United States District Court, Rule 2(b)(1).

July 25, 1997) (unpublished) (table) ("[B]ecause negotiating such a plea would require the cooperation of both the government and district court—neither of which have any obligation in that regard—the ability to obtain a conditional plea agreement was beyond [Defendant's] attorney's control.").

The exact nature of Movant's argument is unclear. Although he references a conditional plea agreement, he also murkily states that such an agreement would "benefit the Defendant adopting in limine reference to the Defendant's eligibility for a downward departure." DE #146 (Reply) at 6. As an initial matter, Movant's "attorney's failure to negotiate a conditional guilty plea preserving the right to appeal the suppression issue cannot be unreasonably deficient performance because [Defendant] had no right to enter a conditional guilty plea in the first place." *Webb*, 120 F.3d at 271, at *1 (citing *United States v. Davis*, 900 F.2d 1524, 1527 (10th Cir. 1990)). He further cannot show prejudice, as the United States represents that it would not have accepted a conditional plea.

Movant does not allege that counsel failed to inform him that his guilty plea waived any right to appeal the Court's suppression decision and, even if he made such an allegation, the Court specifically informed Defendant that he waived his right to appeal his guilty plea, conviction, and sentence. DE #137 (Rearraignment Trans.) at 15. In short, Defendant was well aware of the waiver consequences of his guilty plea. Defendant may regret his choice to plead guilty, but he did so knowingly and voluntarily. As he had no right to a conditional plea agreement, and the Government would not have accepted one, Movant cannot show deficient performance or prejudice under *Strickland*.

Further, the argument could only make sense if Ramirez-Hernandez can show that absence of the conditional plea right mattered under *Hill*. He obviously pled without condition.

8

He does not articulate how any right to appeal the suppression issues fits within *Hill.* The plea agreement required waiver of any appeal right; it is illogical for Ramirez-Hernandez to knowingly enter that agreement and then criticize counsel for not extracting an agreement term that directly conflicts with the plea agreement structure.  No basis for § 2255 relief exists, relative to this argument.

### 2. Failure to File an Interlocutory Appeal

Ramirez-Hernandez also claims that trial counsel ineffectively assisted him by not filing an interlocutory appeal following the trial court's ruling on the suppression motion. DE #128 (Motion) at 4. Per Movant, there was a "difference in opinion in regards to the interpretations of the case law used," and "[b]ut for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different." DE #146 (Reply) at 5, 6.

The United States responds that counsel's failure to file an interlocutory appeal regarding the District Court's suppression decision "does not render [Movant's] guilty plea unknowing or involuntary." DE #141 (Response) at 6. Further, the Government maintains that Ramirez-Hernandez offers nothing to displace the District Court's findings. *Id.* at 7.

Ramirez-Hernandez has not shown a right to *Strickland* relief. "Section 3731 provides a one-party path for interlocutory review of suppression orders. It allows the government, but not criminal defendants, to challenge a suppression issue prior to trial." *United States v. Clariot*, 655 F.3d 550, 552 (6th Cir. 2011) (citing 18 U.S.C. § 3731). As Defendant had no right to file an interlocutory appeal, counsel, by definition, was not, at least to this ground, deficient. No relief basis exists under a *Strickland* theory.

*3. Misadvice Regarding Eligibility for the Residential Drug Treatment Program*

Ramirez-Hernandez claims that counsel misadvised him regarding his eligibility to participate in the BOP's residential drug abuse program (RDAP). DE #128 (Motion) at 4. Per Movant, counsel advised him to convince the probation officer conducting the presentence investigation that Defendant had a substance abuse problem.  DE #146 (Response) at 9. RDAP participation and completion may have resulted in a shorter sentence. *Id.*  Ramirez-Hernandez maintains that had it not been for this misadvice, there is a reasonable probability that Defendant would have insisted upon going to trial.  DE #128 (Motion) at 4.

In response, the United States alleges that any misadvice did not render Ramirez-Hernandez's plea unknowing or involuntary. DE #141 (Response) at 7. The Government also notes that during sentencing, the Court recommended to the Bureau of Prisons that Defendant participate in the intensive drug education and treatment plan. DE #138 (Sentencing Trans.) at 7; *see also* DE #110 (Judgment) at 2 ("The Court recommends the defendant participate in the Residential Drug Abuse Treatment Program."). Finally, Respondent asserts that "non-eligibility for participation in a drug abuse program is a collateral consequence of a guilty plea that a defendant need not be advised of." DE #141 (Response) at 8 (citing *Fenner v. Berghuis*, No. 1:03-CV162, 2006 WL 374171 (W.D. Mich. Feb. 17, 2006) and *United States v. Oyeyinka*, No. Civ. A. 95-2675, 1998 WL 964222 (E.D. Pa. Oct. 9, 1998)).

Ramirez-Hernandez's valid waiver bars the claim. Further, at best, Defendant could have only hoped for a sentence reduction. Counsel may have recommended that Movant seek entrance into the program with the hope that successful completion would trigger incentives, including early release under 28 C.F.R. § 550.54(a)(iv), but acceptance alone does not guarantee sentence reduction.  Per Movant, counsel's plan was a strategic move to lessen Defendant's sentence.

10

Clearly unsatisfied with his sentence, Defendant now alleges that "due to Defendant's pre-plea agreement concerns about the length of time he would have to serve by pleading guilty, . . . Defendant would not have pled guilty and instead would have insisted on going to trial." DE #146 (Reply) at 9.

Beyond that cursory statement, however, Ramirez Hernandez provides nothing credible to meet his burden of showing prejudice. The plea agreement contained some recommendations as to the sentencing guideline calculations, but it did not state a recommended sentence. DE #88 (Plea Agreement) at 3-4, ¶ 7. At rearraignment, the District Judge informed Defendant that the court would not know what his punishment would be until after the presentence investigation, and Defendant confirmed his understanding. DE #137 (Rearraignment Trans.) at 14. Cursory statements about going to trial do not overcome a record of cooperation, acceptance of responsibility, and a knowing and voluntary plea.

Further, despite any misadvice, eligibility for and entry into a residential drug abuse program is determined by the Bureau of Prisons. *Simpson v. United States*, No. 5:03-CV-691, 5:00-CR-373, 2005 WL 3159657 (N.D.N.Y. Nov. 25, 2005) ("[T]he ultimate decision as to whether an inmate will be accepted into the BOP's Drug Treatment Program rests with the BOP."); 28 C.F.R. § 550.53(b) (detailing admissions criteria); *id.* § 550.53(e) ("The Drug Abuse Program Coordinator decides whether to place inmates in RDAP based on the criteria set forth in paragraph (b) . . . ."). Sentence reductions for completion of BOP programs are also discretionary. *See* 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must serve.") (emphasis added). The District Judge also in fact recommended that

11

Defendant participate in such a program. In sum, Ramirez-Hernandez may have desired the sentence benefit he could have received, but such a benefit was never guaranteed to him.

Finally, the Court simply cannot accept that misadvice about RDAP warrants any level of relief here. First, irrespective of what counsel may have said, the District Judge did make the recommendation. This signifies that counsel's effort was not deficient or futile. Further, the notion that Defendant would have refused to plead over RDAP eligibility is not credible. *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010) ("[T]o obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances."); *Pilla v. United States*, 667 F.3d 368, 372-73 (6th Cir. 2012) (affirming *Padilla* rationality standard and noting that the test is objective not subjective); *Pilla*, 667 F.3d at 373 ("Pilla cannot make that showing merely by telling us now that she would have gone to trial then if she had gotten different advice."); *see also United States v. Orocio*, 645 F.3d 630, 643 (3d Cir. 2011) (affirming rationality standard); . Ramirez-Hernandez got a deal that spared him the mandatory minimum and resulted in a sentence four years below that ten year floor. To think he would have elected to go to trial, facing that penalty, over not getting RDAP and the chance to shave one year from any term simply does not qualify as "rational" under the cases. *United States v. Perea*, 2012 WL 851185, at *5 n.7 (D. Kan. 2012) ("Defendant argues that his plea was not knowing or voluntary because of counsel's erroneous prediction of RDAP eligibility for early release. Like an erroneous sentence estimate by counsel, however, such a prediction does not render a plea involuntary." (citations omitted)); *Flynn v. United States*, 2011 WL 6339784, at *6 (D. Utah 2011) ("There is no evidence in the record that RDAP was the driving force behind Flynn's counsel's recommendation that Flynn accept the plea agreement. Instead, the

recommendation was based on Flynn avoiding a ten-year minimum mandatory sentence."). This argument fails.

*4. Failure to Disclose the Effect of the PIR's Content/5. Failure to Provide a Spanish-Translated PIR*[10]

Movant next alleges that counsel "failed to make [him] aware of the effects of the factual information included in the presentencing [sic] investigation report, and how it's [sic] contents would assist the Judge in calculating [his] sentence." DE #128 (Motion) at 14. Ramirez-Hernandez also alleges that because he was not provided a Spanish translation of the PIR, he was unable to object to an item in the Criminal History section. *Id.*; *see also* DE #146 (Response) at 10.

In response, the United States maintains that neither allegation affects the validity of Defendant's waiver, and that Ramirez-Hernandez cannot show prejudice because Defendant's criminal history category (I) would be the same even if the conviction Defendant contends is properly attributable to his brother, and not the Defendant, were not counted. DE #141 (Response) at 9.

First, Ramirez-Hernandez fails to establish any right to written translation services. Although a court may order written translations, "[s]o long as the purposes of the [Court Interpreters] Act are met, the use of interpreters is a matter in the sound discretion of the trial court." *United States v. Mosquera*, 816 F. Supp. 168, 174 (E.D.N.Y. 1993) (citing *United States v. Sanchez*, 928 F.2d 1450, 1455 (6th Cir. 1991)). The record does not reflect that Defendant ever requested a translated PIR, but it does reflect that Defendant was assisted by an interpreter at all proceedings, including the evidentiary hearing, rearraignment, and sentencing. The record also

---

[10] Given that the factual basis for the two claims is the same, the Court consolidates its analysis. The Court gives full consideration to each allegation, however.

does not reflect where Defendant raised, at any time, trouble with translation or incomprehension. Thus, the Court "provided [Defendant] with precisely the interpretation assistance that he requested, assistance that, had he but asked, apparently could have included provision of the written translations" that he now argues counsel was ineffective for failing to provide. *United States v. Perez-Perez*, 44 Fed. App'x 921, 924 (10th Cir. 2002). Further, at sentencing, Defendant did not allege that he was unfamiliar with the contents of the PIR or that he did not understand the proceedings as they occurred.

The record fairly reflects that Defendant knew the nature and purpose of the presentence report investigation. At rearraignment, District Judge Caldwell informed Defendant of the maximum statutory punishment, further relaying that she would not know the actual sentence until the presentence investigation was complete and sentencing occurred. DE #137 (Rearraignment Trans.) at 14. She further provided him a brief overview of how the sentencing guidelines operate, informing Defendant that she would also consider his personal and criminal history. *Id.* Ramirez-Hernandez stated his understanding. *Id.* She also addressed the presentence investigatory process:

> Mr. Ramirez-Hernandez, we discussed a moment ago that the Court will have to look at some information before determining your sentence in this case. Our Probation Office will gather the information I need and prepare what is called a presentence report.
>
> In the course of preparing that report, the probation officer will meet with you when Mr. Mejia can be there to assist you. Please be truthful and forthcoming with the officer. When the officer has gathered all of the information he or she needs and prepares the report, you are going to get a copy of it before I do.
>
> You'll have the opportunity to review it with your lawyer, and if you find any errors or have any objections, Mr. Mejia may file those objections before the sentencing hearing.

*Id.* at 17.

14

Although information from the United States about the extent and content of counsel's discussions with Ramirez-Hernandez would have been helpful, Movant is not entitled to *Strickland* relief on either ground. A liberal reading of his claims might encompass an allegation that counsel failed to inform Defendant of the PIR's contents altogether, but Movant stresses his unawareness of the effects of the PIR's content, a topic the District Judge herself addressed at rearraignment. Movant cannot show prejudice under *Strickland*.

As to Defendant's alleged (lack of) knowledge of the PIR's contents, Ramirez-Hernandez again cannot show prejudice. Even if counsel did not thoroughly disclose the contents of the PIR (in English or Spanish), a sustained objection to the criminal history section could not have changed Defendant's criminal history category (I), which was at the lowest possible level. Finally, Movant alleges nothing on either ground to preclude waiver-enforcement. *Strickland* does not offer relief here.

Further, the Court again must note that the result of sentencing was a below-guidelines and below-minimum sentence of 72 months.  Ramirez-Hernandez shows no prejudice from his asserted lack of familiarity with the process or PIR.

C. Procedural Default

A § 2255 motion cannot substitute for direct appeal. *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) ("An application under § 2255 . . . should not be considered a substitute for direct appeal."); *Sunal v. Large*, 67 S. Ct. 1588, 1590 (1947) ("[T]he general rule is that the writ of habeas corpus will not be allowed to do service for an appeal.").  To assert a claim not raised on direct review, a defendant ordinarily must show cause for the default and prejudice.[11] *See Bousley v. United States*, 118 S. Ct. 1604, 1611 (1998); *United States v. Frady*, 102 S. Ct. 1584,

_____

[11] Proof of actual innocence also permits review of a claim not raised on direct appeal. *Bousley*, 118 S. Ct. at 1611.

1594 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003).   Additionally, "[i]f claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available" subject to an analysis under *Strickland v. Washington*, 104 S. Ct. 2052 (1984). *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

    *1. Fourth Amendment Violation*

    Ramirez-Hernandez alleges that law enforcement illegally entered his home and illegally seized him while waiting for a search warrant. DE #128 (Motion) at 5. Per Movant, testimony at the evidentiary hearing established that his wife, Maria Cambray, did not give officers consent to enter the home. DE #146 (Reply) at 12. Thus, Movant maintains that the entry and resultant seizure and (ultimately warrant-based) search violated his rights under the Fourth Amendment. In response, the United States relies on Defendant's waiver, which, per Respondent, encompasses all non-jurisdictional errors, including claims of unlawful search and seizure. DE #141 (Response) at 7 (citing *United States v. Moxley*, 3 F. App'x 95, 96 (4th Cir. 2001); *Stamper v. United States*, Nos. 1:05-CV-317, 1:03-CR-86, 2008 WL 2811902, at *4 (E.D. Tenn. July 18, 2008); *Murray v. United States*, Nos. 4:04-CV-98, 4:01-CR-1, 2007 WL 1695377, at *5 (E.D. Tenn. June 7, 2007)).

    Ramirez-Hernandez procedurally defaulted this claim. Movant concedes he made no direct appeal. DE #128 (Motion) at 6. A motion for § 2255 relief cannot substitute for a direct appeal, and Ramirez-Hernandez does not show cause for his default or actual innocence. In fact, both Movant's Motion and Reply are silent on cause for default. Because Defendant did not raise his Fourth Amendment claim on direct appeal, the alleged error must constitute "a fundamental defect which inherently results in a complete miscarriage of justice." *Grant*, 72 F.3d at 505 (citation omitted). The record does not support a finding of this nature.

Regardless of the procedural default, Ramirez-Hernandez validly waived his right to appeal the "guilty plea, conviction, and sentence." DE #88 (Plea Agreement) at 4. "In order to preserve the right to appeal a nonjurisdictional issue, such as [a] Fourth Amendment claim . . . , a defendant must enter a conditional plea pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure." *United States v. Ferguson*, 669 F.3d 756, 763 (6th Cir. 2012).  Ramirez-Hernandez did not enter into a conditional plea, and he does not here attack the validity of the plea. *Acosta* requires enforcement, and Movant's claim is without merit.

Further, the factual predicate for the District Court's suppression decision was consent, and Defendant makes no serious assault on that well-supported determination.  Under any of a number of theories, the § 2255 effort is inadequate.

### 2. Fifth Amendment Violation

Ramirez-Hernandez also claims that law enforcement violated his right against self-incrimination by failing to advise him of his *Miranda* rights and by failing to secure counsel after he requested an attorney. DE #128 (Motion) The United States again argues that Defendant's unconditional plea waives review of all nonjurisdictional claims, including these. DE #141 (Response) at 7.

Ramirez-Hernandez procedurally defaulted his claim, for the same reasons the Court discussed with respect to the Fourth Amendment argument. However, even if Movant had not defaulted his claim, he is not entitled to relief.  Ramirez-Hernandez's unconditional plea, which the Court enforces pursuant to *Acosta*, bars any right to relief. Further, the Court notes that Defendant's allegations center on an assertion that "no *Miranda* warnings were ever given to the defendant and that officers only assumed that other officers had read the defendant his *Miranda* rights." DE #146 (Reply) at 16. The record clearly refutes this assertion.  During the evidentiary

hearing, Detective Matthew Evans testified that he advised Ramirez-Hernandez of his *Miranda* rights, DE #34-2 (Trans.) at 44, and Detective Keith Ford reminded Defendant that he didn't have to talk to anyone and that Defendant could wait for an attorney before talking to detectives. *Id.* at 86; DE #34-3 (Trans.) at 3. Defendant may regret his choice to speak to law enforcement uncounseled, but he was informed of his rights. Again, for several reasons, this claim for relief fails.

### 3. Second Amendment Violation

Ramirez-Hernandez next alleges that officers (and/or the conviction) violated his Second Amendment right to keep and bear arms. In response, the United States argues that the right guaranteed by the Second Amendment does not extend to illegal aliens. DE #141 (Response) at 8 (citing *United States v. Yanez-Vasquez*, No. 09-40056-01-SAC, 2010 WL 411112, at *3 (D. Kan. Jan. 28, 2010)). The conviction under 18 U.S.C. § 922(g) establishes Defendant's alien status.

Again, Ramirez-Hernandez procedurally defaulted his claim for the reasons addressed above. Regardless of the default, however, no relief basis exists. Defendant's unconditional plea, which the Court finds enforceable, waived the issue for appeal. Further, the record reflects that Ramirez-Hernandez is an illegal alien. DE #110 (Judgment); #7 (Minute Entry) (noting the administrative detainer lodged against Defendant); #137 (Rearraignment Trans.) at 5 (Defendant confirmed that he knew that his undocumented status could result in deportation). Courts have widely upheld the constitutionality of 18 U.S.C. § 922(g)(5)(A), noting that any rights that the Second Amendment confers do not extend to aliens present in the United States illegally. *United States v. Mirza*, 2011 WL 5042211 (5th Cir. 2011); *Fletcher v. Haas*, 2012 WL 1071713, at *11 (D. Mass. March 30, 2012); *United States v. Martinez-Guillen*, No. 2:10-CR-192, at *2 (M.D. Ala. Jan. 12, 2011); *United States v. Yanez-Vasquez*, No. 09-40056-01-SAC, 2010 WL 411112,

at *3 (D. Kan. Jan. 28, 2010) (citing *United States v. Solis-Gonzalez*, No. 3:08-CR-145, 2008 WL 4539663, at *1-*3 (W.D.N.C. Sept. 26, 2008)). Thus, even if Ramirez-Hernandez had not defaulted or waived his claim, the argument is meritless.

　　　*4. Equal Protection Claim*[12]

　　　Finally, Ramirez-Hernandez alleges that the United States violated his right to equal protection under the law by charging him with possession of a firearm by an illegal alien. DE #128 (Motion) at 14. The United States did not respond directly to the claim. In reply, Defendant maintains his eligibility to possess a firearm legally.

　　　Ramirez-Hernandez defaulted his final claim for the same reasons already expressed. And, as with his other claims, he validly waived his right to an appeal. Despite both of these procedural bars, however, Defendant would still not be entitled to relief. In *United States v. Toner*, 728 F.2d 115, 128-29 (2d Cir. 1984), the court held that an illegal alien could not claim that § 922(g)'s predecessor statute, § 1202(a)(5), violated the Fifth Amendment right to equal protection. The Fifth Circuit has also found that § 922(g)(5)(A) does not violate equal protection because the classification is rationally related to the legitimate government purpose of seeking to further public safety. *Mirza*, 2011 WL 5042211, at *7. Defendant's equal protection claim, like the other constitutional claims, is baseless.

---

[12] Ramirez-Hernandez raises the equal protection claim under the Fourteenth Amendment, which applies solely to the states. However, the Supreme Court has found that the Fifth Amendment's Due Process Clause encompasses an equal protection guarantee. *Bolling v. Sharpe*, 74 S. Ct. 693, 694 (1954). "Equal protection analysis in the Fifth Amendment area is the same as that under the Fourteenth Amendment." *Buckley v. Valeo*, 96 S. Ct. 612, 670 (1976). The Court notes this discrepancy, but in light of the United States's silence on the issue, and in order to give the Motion a liberal construction, the Court considers Ramirez-Hernandez to allege an equal protection claim under the Fifth Amendment.

**IV. Certificate of Appealability**

A Certificate of Appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right."   *See* 28 U.S.C. § 2253(c)(2).  This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003) (discussing development of standard).  The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement.  *See* 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)).  For dismissals on procedural grounds, as to when a Certificate of Appealability should issue, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 120 S. Ct. at 1604.

Defendant has not made a "substantial showing" as to any claimed denial of rights. He received effective assistance of counsel throughout his case, or shows no prejudice, and makes no other constitutional claims. As for the procedurally barred claims, Ramirez-Hernandez has not provided any evidence to undermine the reasonableness of the procedural analysis.  Accordingly, the Court recommends that the District Court deny a Certificate of Appealability.

**V. Recommendation**

For the reasons discussed above, the Court **RECOMMENDS** that the District Court **DENY** Defendant Ramirez-Hernandez's motion for § 2255 relief.  The Court also recommends that the District Court **DENY FULLY** a Certificate of Appealability.

20

\*   \*   \*   \*   \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and usually does, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 16th day of April, 2012.

Signed By:

*Robert E. Wier*

United States Magistrate Judge